DENNIS J. RHODES  (SBN 168417)
Email: dennis.rhodes@wilsonelser.com
WILSON, ELSER, MOSKOWITZ,
  EDELMAN& DICKER LLP
525 Market Street, 17th Floor
San Francisco, CA  94105
Telephone:    (415) 433-0990
Facsimile:     (415) 434-1370

*Attorneys for Plaintiff*
***THRIVENT FINANCIAL FOR LUTHERANS***

JAMES WALLACE
2659 Escalon Avenue
Clovis, CA 93611
***Defendant, in Propria Persona***

WILLIAM JONES
Mr. William G. Jones
P.O. Box 50
Tornillo, TX 79853
***Defendant, in Propria Persona***

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| THRIVENT FINANCIAL FOR LUTHERANS, <br><br> Plaintiff, <br><br> v. <br><br> JAMES WALLACE, WILLIAM JONES, AND ESTATE OF CHERIE LUCK, <br><br> Defendants. | Case No. 1:18-cv-00097-LJO-BAM <br><br> **JUDGMENT OF DISCHARGE IN INTERPLEADER AND FOR DISTRIBUTION OF FUNDS** |

The stipulation by and between Plaintiff Thrivent Financial For Lutherans ("Thrivent"); defendant James Wallace ("Wallace"), and defendant William Jones ("Jones") (hereinafter Wallace and Jones referred to collectively as "Defendants")(hereinafter Thrivent and Defendants collectively referred to as "the Parties") came before this Court for consideration in due course. Having reviewed and considered the stipulation, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. That, on or about August 3, 1986, Cherie D. Luck ("Decedent"), applied for life insurance provided by Thrivent, formerly Aid Association for Lutherans. On the application, decedent designated her parents Lonnie L. Chebret and Deona Chebret as primary beneficiaries;

2. That, on or about August 14, 1986, Thrivent issued universal life insurance to Decedent under Certificate No. 6665XXX[1] ("the Certificate"), with a face value of $150,000.00, in the State of New Mexico. Decedent designated her parents Lonnie L. Chebret and Deona F. Chebret as primary beneficiaries, and completed an "Assignment of Certificate" in their favor. The Certificate also provided accidental death benefits in the event of an accidental death of a covered person pursuant to the terms of the Certificate;

3. That, at the time of Decedent's death, the life insurance proceeds under the Certificate amounted to approximately $135,503.00;

4. That, Thrivent received an Absolute Assignment of Contract dated August 9, 2006, assigning the ownership of the Certificate back to Decedent;

5. That, on or about September 25, 2008, Thrivent issued Variable Annuity Contract No. LC46XXXX5 to Decedent, with Wallace designated as primary beneficiary and Keith H. Luck, "Parent", as contingent beneficiary. At the time of Decedent's death Annuity No. LC46XXXX5 provided a death benefit of $97,994.54;

6. That, Thrivent issued a second annuity, Variable Annuity Contract No. LC48XXXX1 to Decedent on July 13, 2010 in the State of California with Wallace designated as primary beneficiary on the application and Decedent's children as contingent beneficiaries, in equal shares. At the time of Decedent's death, Annuity No. LC48XXXX1 provided a death benefit of $31,389.57;

7. That, on or about July 13, 2010, Thrivent issued a third annuity, Variable Annuity Contract No. LC48XXXX2 to Decedent, in the State of California with Wallace designated as the primary beneficiary and Decedent's children as contingent beneficiaries, in equal shares. At the time of Decedent's death, Annuity No. LC48XXXX2 provided a death benefit of $3,389.57;[2]

---

[1] The Certificate number and the number of the Annuities have been redacted to preserve their financial integrity. Should the Court desire to see un-redacted documents, Thrivent is agreeable to produce them for an *in camera* review.
[2] Annuities Nos. LC46XXXX5, LC48XXXX1, and LC48XXXX2 are hereinafter referred to collectively as "the Annuities" and the Annuities and the Certificate are hereinafter referred to collectively as "the Accounts".

8. That, on or about August 8, 2016, Decedent submitted a form entitled "Beneficiary Designation Common" (hereinafter "Beneficiary Designation"), to Thrivent in an attempt to change the beneficiaries of the Annuities and the Certificate, designating Jones as primary beneficiary, whom Decedent identified as "Husband as of 8/1/2015" and designating "Trust of Deona F. Chebret" as first contingent beneficiary, however, without a date of the trust;

9. That, after receipt of the Beneficiary Designation, Thrivent wrote to Decedent on or about September 9, 2016 informing Decedent that when naming a trust as beneficiary, Thrivent requires the date the trust was established and that the beneficiary designation will not change until new form(s) are approved. Thrivent enclosed another Beneficiary Designation and highlighted the section of the form where the date of the trust was to be provided;

10. That, Decedent died on or about September 10, 2017, and that at no time prior to Decedent's death did Thrivent receive a corrected Beneficiary Designation identifying the date of the trust;

11. That, after Decedent's death, Thrivent received a call from Jones stating he believed he should be the beneficiary of record for Decedent's accounts with Thrivent;

12. That, on or about December 10, 2017, Jones wrote to Thrivent stating it was his position that he was the beneficiary of the Accounts;

13. That, at the time of Decedent's death, pursuant to the terms of the Certificate providing life insurance, Decedent had no named primary beneficiaries, and that the Certificate provides: "Thrivent will pay the proceeds to your estate if you are the insured and upon your death no beneficiary has been designated or survives you."

14. That, that at a time prior to Decedent's death, Decedent and Wallace were divorced;

15. That, by reason of Decedent's death, the death benefit proceeds under the Accounts became due and owing;

16. That, Defendants and each of them are persons or entities known to Thrivent to be have some right, title, or interest in the death benefit proceeds payable under the Accounts, and therefore there are conflicting actual demands upon Thrivent;

3
JUDGMENT OF DISCHARGE IN INTERPLEADER AND FOR DISTRIBUTION OF FUNDS
1976597v.1

17. That, Thrivent was unable to determine with certainty the validity of the actual and potential conflicting demands being made to the death benefit proceeds due under the Accounts and/or which may have been made by Defendants herein as described above, and Thrivent could not determine to whom to pay the death benefit proceeds due under the Accounts based on the death of Decedent;

18. That, Thrivent possessed a real and reasonable fear of double liability or conflicting claims related to the death benefit proceeds payable under the Accounts;

19. That, Thrivent may be exposed to multiple claims or liability should it make payment of any, or all, of the death benefit proceeds due under the Accounts to an individual and/or entity not entitled to the death benefit proceeds;

20. That, on January 19, 2018, Thrivent filed its complaint in interpleader in This Court;

21. That, on February 1, 2018, this Court issued an order permitting Thrivent to retain and administer the Accounts until such time as the Court makes a determination as to the rightful recipient of the death benefit proceeds under the Accounts;

22. That, neither Jones nor Wallace has filed a response to the Complaint;

23. That, Jones and Wallace submit to personal jurisdiction of this Court and agree that this Court has subject matter jurisdiction;

24. That, Thrivent is a disinterested stakeholder and is indifferent to which defendant or defendants are entitled to the death benefit proceeds payable under the Contract;

25. That, Thrivent properly filed the Complaint for Interpleader and Declaratory Relief in this action and stated a proper cause for interpleader;

26. That, Wallace surrenders and disclaims any interest whatsoever in the death benefit proceeds under the Accounts and agrees that all said death benefit proceeds under the Accounts be paid to Jones;

27. That, Defendants agree that the life insurance proceeds payable under the Certificate be paid to the Estate of Decedent;

28. That, the pending examination to determine whether accidental death benefits are payable under the Certificate due to Decedent's death remains ongoing, notwithstanding the agreement to pay the life insurance benefits;

29. That, in the event accidental death benefits are payable, Defendants agree that said proceeds shall be paid to Decedent's estate;

30. That, Thrivent is entitled to fees of $10,177.50, and costs of $490.06 for a total of $10,667.56 to be paid out of the life insurance proceeds and that Thrivent is entitled to withhold said amount prior to distributing the life insurance proceeds;

31. That, having brought this action, Thrivent is hereby discharged from any and all liability to Defendants and each of them as well as their representatives, agents, assigns, and/or anyone action on their behalf, based upon and/or with respect to the terms of the Accounts and each of them, the death benefit proceeds payable under the Accounts, the death of Decedent and/or Defendants' actual and/or potential claims for the death benefit proceeds payable under the Accounts;

32. That, Defendants and each of them as well as their representatives, agents, assigns, and/or anyone action on their behalf are hereby permanently restrained and/or prohibited from instituting or prosecuting any proceeding in any state court, United States Court or administrative tribunal against Thrivent based upon and/or with respect to the terms of the Accounts, the death benefit proceeds payable under the Accounts, Defendants' actual and/or potential claims for the death benefit proceeds payable under the Accounts, and Thrivent's handling of the Accounts, administration of the Accounts, or its handling of Defendants' actual and potential claims for the death benefit proceeds;

33. That, notwithstanding the foregoing, this stipulation does not affect the right of Jones to bring an action in the event of an adverse decision upon conclusion of the examination of the accidental death claim;

34. That, within calendar 10 days of the entry of judgment of discharge, Jones shall provide all documentation to Thrivent necessary for completing the examination of the accidental

5
JUDGMENT OF DISCHARGE IN INTERPLEADER AND FOR DISTRIBUTION OF FUNDS
1976597v.1

death claim, including the Deceased's Information Statement for Life Contracts and Authorization for Information, and the Authorization for Information Regarding a Deceased Person.

35. That, Thrivent is entitled to a judgment of discharge in interpleader in its favor in this action as to all Defendants; and

36. That, except as set forth herein, all parties are to bear their own fees and costs with respect to the litigation of this action, including with respect to this Stipulation and the Stipulated Judgment entered thereon.

IT IS SO ORDERED.

Dated: **May 7, 2018**         **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE